# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

RUBEN JAMES GONZALEZ-ZURWALSKI
*Defendant*

MAR 03 2014
CLERK'S OFFICE
DETROIT

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30085 (W.D. Mich. No. 12-cr-143)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense
  ☑ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. 841(b)(1)(B)(ii)(II)  .
  ☐ under 18 U.S.C. § 924(c).
☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that

See attached.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 4, 2014 | _[signature]_ |
|---|---|
| Date | Signature of Judge |
| | David R. Grand, U.S. Magistrate Judge |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**12-cr-143 (W.D. Mich.);** *United States of America v. Ruben James Gonzalez-Zurwalski*

On May 24, 2012, the defendant, Ruben James Gonzalez-Zurwalski, was indicted by a grand jury in the Western District of Michigan on charges that he possessed with intent to distribute and distributed cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(C) and (b)(1)(B)(ii)(II). In Count 2 of the Indictment, Zurwalski is alleged to have possessed with intent to distribute 500 grams or more of cocaine.

Zurwalski was arrested in this district, and the Government moved to detain him as a flight risk, and to transfer him to the Western District of Michigan to answer the above charges. This Court held a detention hearing on March 3, 2014, with both sides proceeding by way of proffer.

The Government proffered, and Zurwalski concurred, that due to the quantity of drugs alleged in the Indictment, this is a "presumption" case. The Government proffered that Zurwalski had been aware of the Indictment for well more than a year, as he had been communicating with the Government about the charges. However, Zurwalski then stopped communicating with the Government and was on the run for a lengthy period of time while the Government searched for him. The Government also proffered the Pretrial Services Report ("PSR"), which recommended detention. The PSR indicated that although Zurwalski indicated he had been living with his girlfriend and their child at a Wayne, Michigan residence since November 2013, and that he had been living "in Texas" for a year before that. The PSR indicated that Zurwalski has been in trouble with the law since a young age; when he was 16 he was charged with felony robbery; at age 17 he was convicted of Felony Fleeing a Police Officer; at age 21 he was charged with Felony Dangerous Drugs – a warrant was requested, but apparently Zurwalski was never apprehended on that charge. Lastly, the PSR indicated that Zurwalski has a home in Mexico in his grandmother's name.

Zurwalski proffered that he had been unaware of the Indictment, and that he had family support (numerous family members appeared in Court on his behalf) and a job.

In general, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)). However, where probable cause exists that the defendant violated certain laws, including one Zurwalski is accused of violating here – 21 U.S.C. § 841(b)(1)(B)(ii)(II) – "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community..." 18 U.S.C. § 3142(e)(3)(A). The presumption, of course, is not determinative. As the Sixth Circuit explained in *Stone*:

> As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *See, e.g., United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes*, 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir.1991); see also United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir.1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").
>
> Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436. The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *See United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by *United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Jessup*, 757 F.2d at 387.
>
> Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community.

*Stone*, 608 U.S. at 945-946. "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *U.S. v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir.2003)); *U.S. v. Ellison*, 2007 WL 106572, at *2 (E.D. Mich., Jan. 8, 2007). Here, the Government moved for detention based only on a risk of flight.

**12-cr-143 (W.D. Mich.);** *United States of America v. Ruben James Gonzalez-Zurwalski*

After having carefully considered the evidence and arguments, the Court finds that the government has satisfied its burden with respect to Zurwalski's risk of flight. First, the Court finds that there is probable cause that he committed the crime for which he is charged in this case. Thus, the rebuttable presumption described above applies here. While Zurwalski did proffer some evidence and argument in an attempt to rebut the presumption, the Court finds that the government, even absent the presumption, satisfied its burden of showing by a preponderance of the evidence that no condition or combination of conditions of release exist that would reasonably assure his appearance in Court. Zurwalski has a conviction for fleeing a police officer, has been on the run for well over a year despite knowing about these charges, has family and a home he could live at in Mexico, and is now facing a mandatory minimum term of incarceration of 5 years, and potentially a much longer term given the quantity of drugs involved. 21 U.S.C. § 841(b)(1)(B)(ii)(II).

**Accordingly, Detention is Ordered.**